James L. Schmidt and Marlene G. Schmidt v. Commissioner.
Schmidt v. Commissioner
Docket No. 5735-66.
United States Tax Court
T.C. Memo 1967-240; 1967 Tax Ct. Memo LEXIS 20; 26 T.C.M. (CCH) 1218; T.C.M. (RIA) 67240; December 5, 1967
James L. Schmidt and Marlene G. Schmidt, pro se, 8375 Lewis Place, Orlando, Fla., Henry C. Stockell, Jr., and James B. Morgan, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's 1965 income tax in the amount of $564.97. The issue is whether a $3,000 payment made by James L. Schmidt to his former wife is deductible as alimony under section 215, I.R.C. 1954. [1]
All of the facts were stipulated and are found accordingly. *21 The petitioners, James and Marlene Schmidt are husband and wife, and they reside in Orlando, Florida. Their joint income tax return for 1965, was filed with the district director of internal revenue in Jacksonville, Florida. In November 1964, Betty, who was then James's wife, filed suit for divorce against him in the Superior Court of Pierce County in the state of Washington. A final decree of divorce was entered on January 19, 1965, the decree providing that Betty should have custody of their three minor children and James should pay Betty $300 per month to be applied to the care, support and maintenance of the children and $58.18 for the support of Betty until such time as Betty should obtain steady and gainful employment. During the summer of 1965 there occurred a material change in circumstances which affected the welfare of the children. Betty became ill and was rendered physically unable to care for and provide an adequate home for the children. James indicated to Betty his intention of bringing an action to modify the divorce decree and seek custody of the children. In a letter dated September 2, 1965, Betty indicated that she would not contest James's application for *22 modification of the divorce decree. She also asked that James pay her $125 per month with the understanding the payments were to cease if she remarried. On October 25, 1965, a Stipulation and Order Modifying Decree of Divorce was entered, which granted custody of the three minor children to James L. Schmidt and provided that James was no longer required to pay to Betty any amount whatsoever as and for alimony, care, support, or maintenance of herself or the minor children. On or about October 12, 1965, James endorsed a check in the amount of $3,000 to an attorney representing Betty. The money was to be paid her after the order modifying the decree mentioned above had been entered and the children delivered to James. Betty remarried approximately two months after the order modifying the decree had been entered. On his 1965 income tax return petitioner took a deduction for this $3,000 payment to Betty and respondent's disallowance of this deduction results in the deficiency in controversy. Petitioner contends the $3,000 payment to Betty was deductible under the provisions of section 215 which permits a divorced husband to take "as a deduction amounts includible under section *23 71 in the gross income of the wife, payment of which is made within the husband's taxable year." Thus the issue here is whether section 71(a) requires the inclusion of the $3,000 in Betty's income. Section 71(a)(1) provides as follows: SEC. 71 ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. Petitioner makes a confused argument that the $3,000 payment qualifies as a "periodic" payment within the above statute in that it was, as he states on brief, "advance payment of alimony at the rate of $125.00 (One Hundred Twenty-Five Dollars) per month for a period of twenty-four months." Petitioner's *24 contention is not supported by the stipulated facts or the law. To begin with the $3,000 payment could never be characterized as "periodic." It was made but once to secure Betty's acquiescence in a decree that stripped her of custodial rights and all alimony granted by the earlier decree. There is nothing in the record on which this case was submitted to indicate the payment was an advance payment of two years of some obligation to pay Betty $125 a month. It may well be if there was an obligation of the character described in the statute to pay Betty alimony in the sum of $125 a month, an advancement for 24 months of $3,000 would be includible in her income. We need not decide. There is no evidence of such an obligation in this record. The only mention made of $125 a month is Betty's letter of September 2, 1965 where she consented to petitioner having custody of the children and her statement: "I am going to ask that you give me $125 a month * * * The amount I mention would stop, of course, if I decide to remarry." This letter furnishes no evidence of an obligation to pay Betty $125 a month. The statute requires a "decree" or "written instrument" that is to evidence the obligation *25 to make the periodic payments to the wife. The only written instruments in this record are Betty's letter mentioned above, the decree of January 19, 1965, the stipulation and order of October 25, 1965, and the $3,000 check. Clearly none of these documents evidence any obligation on the part of petitioner to pay Betty $125 a month. The first decree obligated petitioner to pay $58.18 a month and the later order of October 25, 1965, specifically ended any further obligation on the part of petitioner to pay Betty anything. It is of no significance here that the court knew of this $3,000 payment, then in the hands of Betty's attorney, at the time he entered the order in October modifying the divorce decree. It would serve no useful purpose to pursue petitioner's labored argument on brief to the general effect that "Congress intended to include in the income of the wife amounts which were periodic payments in substance, not in form." The record falls far short of showing the $3,000 payment was includible in Betty's income under section 71. Therefore the payment was not deductible under section 215. We hold for respondent. Decision will be entered for the respondent. Footnotes
1. All section references will be to the 1954 Code.↩